# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH D. GILBERTI,

      Plaintiff,

vs.                                        No. CIV 25-0139 JB/SCY

VICE PRESIDENT JAMES DAVID
VANCE, GEORGE W. BUSH, JUDGE
DONNA MARIE PADAR, WORLD
ECONOMIC FORUM, WORLD BANK
GROUP (THE INTERNATIONAL BANK
FOR RECONSTRUCTION AND
DEVELOPMENT (IBRD) AND THE
INTERNATIONAL DEVELOPMENT
ASSOCIATION (IDA)), NEW
DEVELOPMENT BANK (BRICS BANKS),
JAMES AMSCHEL VICTOR
ROTHSCHILD, NICHOLAS DAVID
ROTHSCHILD, LADY LYNN FORESTER
DE ROTHSCHILD, "THE HOLY SEE"
(THE VATICAN CITY STATE), DAVID
MAYER DE ROTHSCHILD,
ARCHDIOCESE OF VENICE,
ARCHDIOCESE OF WASHINGTON,
ARCHDIOCESE OF SANTA FE,
ARCHDIOCESE OF LAS CRUCES, THE
ROMAN CATHOLIC DIOCESE OF
GALLUP, NATIONAL FOOTBALL
LEAGUE (NFL), NATIONAL
BASKETBALL ASSOCIATION (NBA),
MAJOR LEAGUE BASEBALL ATTORNEY
(MLB), NATIONAL ASSOCIATION FOR
STOCK CAR AUTO RACING (NASCAR),
MARY ROSS AGOSTA, BARRON TRUMP,
RYAN SNYDER, JUDGE STEPHEN
WALKER, BLACKSTONE INC., STATE
STREET CORPORATION, MORGAN
STANLEY, APOLLO GLOBAL
MANAGEMENT INC., GOLDMAN SACHS
GROUP INC., JPMORGAN CHASE BANK
NATIONAL ASSOCIATION (JPMCB),

JPMORGAN CHASE & CO., MELANIA
TRUMP, NEW YORK UNIVERSITY,
UNIVERSITY OF WASHINGTON,
UNIVERSITY OF NEW MEXICO, NEW
MEXICO STATE UNIVERSITY, EASTERN
NEW MEXICO UNIVERSITY, NEW
MEXICO INSTITUTE OF MINING AND
TECHNOLOGY, LARA TRUMP, US
CONGRESSMAN VERN BUCHANAN, AL
GORE, ERIC TRUMP, EMMA GONZALES,
IVANKA TRUMP, ANDREW ROSIN PA,
JUDGE HUNTER CARROLL, DONALD
TRUMP JR., MARJORIE STONEMAN
DOUGLAS SCHOOL, JUDGE OMAR A.
WILLIAMS, GOVERNOR GAVIN
NEWSOM, GOVERNOR KATHY
HOCHUL, SHERIFF SCOTT ISRAEL,
JUDGE JAMES DOMINGUEZ, JUDGE
CAROYLN DELANO, TOWN OF ROYAL
PALM BEACH, PORT EVERGLADES,
JUDGE JAMES CONRAD, JUDGE MARK
WOLFE, PALM BEACH COUNTY BOARD
OF COUNTY COMMISSIONERS, JUDGE
KIMBERLY CARLTON BONNER, LEE
PALLARDY, BROWARD COUNTY
BOARD OF COUNTY COMMISSIONERS,
THOMAS HOWZE, NATIONAL SHERIFF'S
ASSOCIATION, TOWN OF ROYAL
BEACH, LEE COUNTY BOARD OF
COUNTY COMMISSIONERS, CITY OF
WEST PALM BEACH, CITY OF BOCA
RATON, CITY OF MIAMI, MIAMI PORT
AUTHORITY, 12TH JUDICIAL CIRCUIT
OF FLORIDA, 13TH JUDICIAL CIRCUIT
OF FLORIDA, SHERIFF CHAD
CHRONISTER, SARASOTA COUNTY
BOARD OF COUNTY COMMISSIONERS,
DADE COUNTY BOARD OF COUNTY
COMMISSIONERS, MANAGEMENT
HILLSBOROUGH COUNTY BOARD OF
COUNTY COMMISSIONERS, SOUTH
FLORIDA WATER MANAGEMENT
DISTRICT, BENDERSON
DEVELOPMENT., U.S. CONGRESS,
PENNSYLVANIA DEPARTMENT OF

ENVIRONMENTAL PROTECTION
AGENCY, NEW MEXICO ENVIRONMENT
DEPARTMENT, BANKRUPTCY TRUSTEE
LUIS RIVERA, EDWARD J. DEBARTOLO,
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT, TAMPA
CENTRAL COMMAND MACDILL AIR
FORCE BASE, METROPOLITAN
PLANNING COUNCIL, MATT GAETZ,
RICHARD BRUCE (DICK) CHENEY,
JUDGE THOMAS KRUG, CENTRAL
INTELLIGENCE AGENCY (CIA), JEFF
BEZOS, WARREN BUFFET, JUDGE
MARIA RUHL, JUDGE DON T. HALL,
JUDGE JAMES PARKER, SOUTH
FLORIDA REGIONAL PLANNING
COUNCIL, JUDGE DANA MOSS, JUDGE
GEORGE A. O'TOOLE JR., SOUTHWEST
FLORIDA REGIONAL PLANNING
COUNCIL, ROCKEFELLER GROUP
INTERNATIONAL, INC., JUDGE
MCHUGH, JUDGE DARRIN P. GAYLES,
JUDGE JOSE E. MARTINEZ, JUDGE
LAURA TAYLOR SWAIN,
ROCKEFELLER CAPITAL
MANAGEMENT, STATE ATTORNEY ED
BRODSKY, JUDGE JUAN MERCHAN,
TREASURE COAST REGIONAL
PLANNING COUNCIL, JUDGE CHARLES
WILLIAMS, JUDGE THOMAS BARBER,
CITY OF CAPE CORAL, CITY OF
NAPLES, CITY OF FORT MYERS, JUDGE
GEOFFREY R GENTILE, JUDGE MARTIN
FEIN, SEMINOLE TRIBE HARD ROCK
CASINO, JUDGE SHERI POLSTER
CHAPPELL, JUDGE ELIZABETH
SCHERER, CITY OF PARKLAND, DAVID
HOGG, JUDGE LORENALIKHAN,
MANATEE COUNTY BOARD OF
COUNTY COMMISSIONERS, TOWN OF
DAVY, NIKOLAS CRUZ, JUDGE
MARTHA PACOLD, SHERIFF CARMINE
MARCENO, SHERIFF KURT HOFFMAN,
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

GREENBERG TRAURIG LAW, JUDGE
KETANJI BROWN JACKSON, FLORIDA
DEPARTMENT OF LAW ENFORCEMENT,
JUDGE LIAM O' GRADY, FEDERAL
BUREAU OF INVESTIGATION (FBI),
MICHAEL WALTZ, JUDGE MADELINE
COX ARLEO, ELON MUSK, SENATOR
MARCO RUBIO, SUSIE WILES, JUDGE
DONALD M. MIDDLEBROOKS, JUDGE
DAVID S LEIBOWITZ, RUDY GIULIANI,
YALE UNIVERSITY, RON DESANTIS,
JUDGE AILEEN CANNON,
ROCKEFELLER FINANCIAL SERVICES,
DONALD J. TRUMP, HARVARD
UNIVERSITY, OHIO STATE
UNIVERSITY, ARIANA ROCKEFELLER,
VALERIE ROCKEFELLER,
ARCHDIOCESE OF LOS ANGELES,
ARCHDIOCESE OF BALTIMORE, STATE
ATTORNEY THOMAS WIDEN,
ARCHDIOCESE OF PHILADELPHIA,
ARCHDIOCESE OF MIAMI,
ARCHDIOCESE OF NEW YORK, POPE
FRANCIS JORGE MARIO BERGOGLIO
ARCHDIOCESE OF NEWARK,
ARCHDIOCESE OF BOSTON, NANCY
PELOSI, HILLARY CLINTON, WILLIAM
JEFFERSON (BILL) CLINTON, BARACK
OBAMA, MICHELLE OBAMA,
GOVERNOR JOSH SHAPIRO,
GOVERNOR WES MOORE, FLORIDA
STATE UNIVERSITY, KAMALA HARRIS,
TIM WALTZ, PHILADELPHIA CITY
COUNCIL, PENNSYLVANIA STATE
POLICE, CHRISTOPHER SHAW,
ATTORNEY GENERAL ASHLEY
MOODY, US DEPARTMENT OF
TRANSPORTATION, DEPARTMENT OF
INTERIOR, SHEILA SANGHVI, MAYOR
ERIC ADAMS, COUNCIL OF NATIONAL
DEFENSE, NEW YORK CITY COUNCIL,
NEW YORK PORT AUTHORITY,
WASHINGTON PUBLIC PORTS
ASSOCIATION, SENATOR RICK SCOTT,
UNITED STATES GEOLOGICAL

SURVEY, THE WASHINGTON POST,
UNIVERSITY OF MIAMI, CLEVELAND
CITY COUNCIL, EXXONMOBIL, THE
ROCKEFELLER FOUNDATION, SCOTT
FREYRE, ENVIRONMENTAL
PROTECTION AGENCY (EPA), ARMY
CORPS OF ENGINEERS, PENNSYLVANIA
STATE UNIVERSITY, NATURAL
RESOURCES DEFENSE COUNCIL, THE
U.S. SURGEON GENERAL, NATIONAL
SECURITY COUNCIL, DEPARTMENT OF
STATE, BENDERSON DEVELOPMENT,
US NATIONAL GUARD, HUMAN
HEALTH AND SERVICES, PETE
HEGSETH, KRISTI NOEM, JOHN
RATCLIFFE, TUTSI GABBARD, LEE
ZELDIN, ELISE STEFANIK, ROBERT F.
KENNEDY JR., DOUG BURGUM, DOUG
COLLINS, CHRIS WRIGHT, JAMES
BLAIR, TAYLOR BUDOWICH, STEPHEN
MILLER, DAN SCAVINO, THOMAS
HOMAN, BILL MCGINLEY, STEVEN
CHEUNG, KAROLINE LEAVITT, WILL
SCHARF, SERGIO GOR, VIVEK
RAMASWAMY, BRENDAN CARR,
HOWARD LUTNICK, LINDA MCMAHON,
SEAN DUFFY, DEAN JOHN SAUER,
TODD BLANCHE, STEVEN WITKOFF,
MICHAEL HUCKABEE, MARJORIE
TAYLOR GREENE, WINK NEWS,
MOSAIC FERTILIZER, PFIZER
PHARMACEUTICAL INDUSTRY
COMPANY, UNITED NATIONS, BILL
GATES, MARK ZUCKERBERG,
CANADIAN NATIONAL RAILWAY, CSX
TRANSPORTATION INC., BLACKROCK
INC., US CONGRESSMAN BYRON
DONALDS, ATTORNEY ALVIN BRAGG,
AG LETITIA JAMES, BALTIMORE CITY
COUNCIL, ARCHDIOCESE OF
INDIANAPOLIS, NEW YORK
DEPARTMENT OF ENVIRONMENTAL
PROTECTION (NYDEP), JUDGE PAUL
DIAMOND, DEPARTMENT OF
GOVERNMENT EFFICIENCY (DOGE),

ARCHDIOCESE OF LOS ANGELES
ARCHDIOCESE OF SAN FRANCISCO,
WASHINGTON STATE DEPARTMENT OF
ECOLOGY, WASHINGTON CITY
COUNCIL, GOVERNOR OF ALABAMA,
GOVERNOR OF ALASKA, GOVERNOR
OF ARIZONA, GOVERNOR OF
ARKANSAS, GOVERNOR OF
CALIFORNIA, GOVERNOR OF
COLORADO, GOVERNOR OF
CONNECTICUT, GOVERNOR OF
DELAWARE, GOVERNOR OF FLORIDA,
GOVERNOR OF GEORGIA, GOVERNOR
OF HAWAII, GOVERNOR OF IDAHO,
GOVERNOR OF ILLINOIS, GOVERNOR
OF INDIANA, GOVERNOR OF IOWA,
GOVERNOR OF KANSAS, GOVERNOR
OF KENTUCKY, GOVERNOR OF
LOUISIANA, GOVERNOR OF MAINE,
GOVERNOR OF MARYLAND,
GOVERNOR OF MASSACHUSETTS,
GOVERNOR OF MICHIGAN, GOVERNOR
OF MINNESOTA, GOVERNOR OF
MISSISSIPPI, GOVERNOR OF MISSOURI,
GOVERNOR OF MONTANA, GOVERNOR
OF NEBRASKA, GOVERNOR OF
NEVADA, GOVERNOR OF NEW
HAMPSHIRE, GOVERNOR OF NEW
JERSEY, GOVERNOR OF NEW MEXICO,
GOVERNOR OF NEW YORK, GOVERNOR
OF NORTH CAROLINA, GOVERNOR OF
NORTH DAKOTA, GOVERNOR OF OHIO,
GOVERNOR OF OKLAHOMA,
GOVERNOR OF OREGON, GOVERNOR
OF PENNSYLVANIA, GOVERNOR OF
RHODE ISLAND, GOVERNOR OF SOUTH
CAROLINA, GOVERNOR OF SOUTH
DAKOTA, GOVERNOR OF TENNESSEE,
GOVERNOR OF TEXAS, GOVERNOR OF
UTAH, GOVERNOR OF VERMONT,
GOVERNOR OF VIRGINIA, GOVERNOR
OF WASHINGTON, GOVERNOR OF
WEST VIRGINIA, GOVERNOR OF
WISCONSIN, GOVERNOR OF WYOMING,
and THE PENTAGON.

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Complaint, filed February 7, 2025 (Doc. 1)("Complaint"). Plaintiff Joseph D. Gilberti appears pro se. For the reasons set out below, the Court dismisses this case without prejudice, because venue is improper in the District of New Mexico.

## PROCEDURAL BACKGROUND

Gilberti, who resides in Florida, asserts various claims against about 250 Defendants based on actions that occurred in Florida regarding, among other things, water resources in Florida and property in Florida. While some of the Defendants reside in New Mexico,[1] the remainder of the Defendants reside in other States and countries. The Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies Gilberti:

It appears that the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

**Venue in general.** --A civil action may be brought in--

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1]The Complaint names the following Defendants in New Mexico: the Archdioceses of Santa Fe and Las Cruces, the University of New Mexico, New Mexico State University, Eastern New Mexico University, the New Mexico Institute of Mining and Technology, the New Mexico Environment Department, Judge James Parker, and the Governor of New Mexico. See Complaint at 1-2.

occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)**      if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district <u>shall</u> dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).

Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, <u>E.g.</u>  <u>Haugh v. Booker</u>, 210 F.3d 1147, 1150 (10th Cir. 2000) (citing <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997)), whether the claims alleged are likely to have merit, <u>E.g.</u>  <u>Haugh</u>, 210 F.3d at 1150 (citing <u>Phillips</u>, 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, <u>Trierweiler</u>, 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

<u>Young v. State Government of Oklahoma</u>, 98 Fed. Appx. 760, 763-764 (10th Cir. 2004).

The vast majority of Defendants do not reside in New Mexico.  There are no allegations that the acts and omissions giving rise to Plaintiff's claims occurred in New Mexico.  The subject property is situated in Florida.  The Complaint fails to state a claim upon which relief can be granted for many of the Defendants because it does not explain what each Defendant did to Plaintiff, when each Defendant did it, and what specific legal right Plaintiff believes each Defendant violated.  See <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the nonresident Defendants.  See <u>Dental Dynamics, LLC v. Jolly Dental Group, LLC</u>, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

- 8 -

Order Granting Application to Proceed <u>In Forma Pauperis</u> and Order to Show Cause at 2-4, filed February 12, 2025 (Doc. 4)("Order").  Magistrate Judge Yarbrough orders Gilberti to: (i) show cause why the Court should not dismiss or transfer this case; and (ii) file an amended complaint. <u>See</u> Order at 5.  Gilberti did not show cause or file an amended complaint by the March 5, 2025, deadline.  Gilberti has not responded yet to the Order at the time the Court enters this Memorandum Opinion and Order.

## <u>LAW REGARDING PRO SE LITIGANTS</u>

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Plaintiff] could prevail, it should do so despite failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." <u>Hall v. Bellmon</u>, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant." <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

## <u>ANALYSIS</u>

Having carefully reviewed the Complaint, and the relevant law, the Court dismisses this action without prejudice.  Venue is not proper in the District of New Mexico, because: (i) the vast majority of Defendants do not reside in New Mexico; (ii) there are no allegations that the acts and omissions giving rise to Gilberti's claims occurred in New Mexico; and (iii) the subject property

is situated in Florida.  See 28 U.S.C. § 1391(b) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

It is not in the interest of justice to transfer this case.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  The Complaint does not state a claim upon which relief can be granted for many of the approximately 250 Defendants.  See Young v. State Government of Oklahoma, 98 Fed. App'x 760, 763-764 (10th Cir. 2004)("Factors considered in deciding whether a transfer is in the interests of justice include . . . whether the claims alleged are likely to have merit.").

Magistrate Judge Yarbrough, after notifying Gilberti that it appears that the District of New Mexico is not the proper venue for this case, orders Gilberti to show cause why the Court should not dismiss or transfer this case, and to file an amended complaint.  See Order at 5.  The deadline to amend was March 5, 2024.  See Order at 5.  Gilberti does not show cause why the Court should not dismiss this case; nor does Gilberti file an amended complaint.  The Court, therefore, dismisses this action.

**IT IS ORDERED** that this action is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*
Joseph D. Gilberti
Sarasota, Florida

*Plaintiff pro se*

- 10 -